UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM A. SCHULZ,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CCDC MEDICAL STAFF,<br><br>　　　　　　　Defendant. | Case No. 2:14-cv-876-APG-NJK<br><br>**SCREENING ORDER FOR AMENDED COMPLAINT** |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted an amended civil rights complaint pursuant to 42 U.S.C. § 1983. (Dkt. #4). The Court now screens Plaintiff's amended civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the

United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations]

that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). See *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF AMENDED COMPLAINT

### A. Original Complaint

On July 11, 2014, this Court issued a screening order on the original complaint. (Dkt. #2). In the original complaint, Plaintiff alleged three counts. (*Id.* at 3). In Count I, Plaintiff alleged a deliberate indifference to serious medical needs claim. (*Id.* at 4). This Court dismissed the claim, without prejudice, with leave to amend. (*Id.* at 5). The Court found that it was unclear whether Plaintiff had disagreed with the medical staff's treatment of his seizures or whether the medical staff was acting with a conscious disregard to an excessive risk to Plaintiff's health. (*Id.*). This Court directed Plaintiff to provide more details about the medical staff's actions and responses to his medication and seizures. (*Id.*) In Count II, Plaintiff alleged violations of the First Amendment regarding legal mail and Fourteenth Amendment access to the courts. (*Id.* at 6). This Court found that the legal mail claim could proceed but dismissed the denial of access

to the courts claim with leave to amend. (*Id.* at 6-7). In Count III, Plaintiff alleged a conditions of confinement claim which this Court dismissed with prejudice. (*Id.* at 7-8). The Court informed Plaintiff that if he chose to file an amended complaint, the amended complaint superseded the original complaint and, thus, the amended complaint had to be complete in itself. (*Id.* at 8). The Court informed Plaintiff that his amended complaint "must contain all claims, defendants, and factual allegations that Plaintiff wishe[d] to pursue in this lawsuit." (*Id.* at 9).

### B.   Amended Complaint

In the amended complaint, Plaintiff sues Defendant CCDC Medical Staff for events that took place while Plaintiff was incarcerated at the Clark County Detention Center ("CCDC"). (Dkt. #4 at 1-2). Plaintiff alleges one count and seeks monetary damages for every day that he had been in disciplinary housing. (*Id.* at 4, 9).

The amended complaint alleges the following: On July 14, 2014, the medical staff took Plaintiff off Dilantin, a medication that Plaintiff had been on since he was twelve for epileptic seizures. (*Id.* at 3). The medical staff put Plaintiff on a different medication which caused a negative reaction in Plaintiff. (*Id.*) That medication caused Plaintiff to itch, his throat to swell, and his private parts to blister. (*Id.*) The blisters had hot fluids draining from them and had caused Plaintiff severe pain and discomfort. (*Id.*)

On July 21, 2014, Plaintiff had a seizure. (*Id.*) However, the medical staff told Plaintiff that he had faked the seizure and then put him in disciplinary housing for malingering or feigning an illness. (*Id.*) Plaintiff was incoherent and did not even know what had happened until he received an incident report. (*Id.* at 4). Plaintiff alleges an Eighth Amendment violation. (*Id.*)

The Court interprets Plaintiff's allegations as a claim for deliberate indifference to serious medical needs and a claim for due process.

#### i.   Deliberate Indifference

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity,

and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*. (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

The Court finds that Plaintiff fails to state a deliberate indifference claim for serious medical needs regarding the changing of his medication and his reaction to that medication. Plaintiff, once again, has not provided this Court with any details about the medical staff's actions and responses to his medication and seizures. Plaintiff has not established that the medical staff purposefully acted or failed to respond to his pain or possible medical need. The Court grants Plaintiff one final time to amend his complaint.

  **ii.**  **Due Process**

In order to state a cause of action for deprivation of procedural due process, a

plaintiff must first establish the existence of a liberty interest for which the protection is sought. *Sandin v. Conner*, 515 U.S. 472, 487 (1995). In *Sandin*, the Supreme Court held that a prisoner has a liberty interest when confinement "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484. In *Sandin*, the Supreme Court focused on three factors in determining that the plaintiff possessed no liberty interest in avoiding disciplinary segregation: (1) disciplinary segregation was essentially the same as discretionary forms of segregation; (2) a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment;" and (3) the length of the plaintiff's sentence was not affected. *Id*. at 486-87.

When a protected liberty interest exists and a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board." *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985). However, this standard does not apply when a prisoner alleges that a prison guard's report is false. *Hines v. Gomez*, 108 F.3d 265, 268 (9th Cir. 1997).

The Court finds that Plaintiff fails to state a colorable due process claim based on the medical staff's allegations that Plaintiff faked his seizure and then placed him into disciplinary housing. First, Plaintiff has not alleged that disciplinary housing imposed an atypical and significant hardship on Plaintiff in relation to the ordinary incidents of prison life. Second, Plaintiff has not alleged what process Plaintiff failed to receive, if any. The

Court grants Plaintiff leave to amend this claim.

### C.    Leave to Amend

Plaintiff is granted leave to file a second amended complaint to cure the deficiencies of the original complaint and amended complaint.  If Plaintiff chooses to file a second amended complaint he is advised that an amended complaint supersedes the original complaint and, thus, the second amended complaint must be complete in itself.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).  Plaintiff's second amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.[1]  Moreover, Plaintiff must file the second amended complaint on this Court's approved prisoner civil rights form and it must be entitled "Second Amended Complaint."  The Court notes that if Plaintiff chooses to file a second amended complaint curing the deficiencies of his original complaint and his amended complaint, Plaintiff shall file the second amended complaint within 30 days from the date of entry of this order.

The Court further limits the scope of Plaintiff's second amended complaint.  Plaintiff shall only amend factual allegations discussed in the original complaint and the amended complaint.  If Plaintiff wishes to allege new claims, Plaintiff shall file a new complaint in a new action.  Additionally, the Court warns Plaintiff that this is his last and final opportunity to amend the claims discussed in the original complaint and the amended complaint.  If Plaintiff fails to state a claim in his second amended complaint,

---

[1] The Court directs Plaintiff to follow the directions in the civil rights complaint form and "[s]tate the facts clearly, in your own words, and without citing legal authority or argument . . . describe exactly what each specific defendant (by name) did to violate your rights."  The Court directs Plaintiff to identify the defendants by name rather than refer to them collectively as the "CCDC Medical Staff."

the Court will dismiss the claims with prejudice, as amendment would be futile, because Plaintiff is either unwilling or unable to amend his claims. If Plaintiff chooses not to file a second amended complaint curing the deficiencies of his original complaint and amended complaint, the Court will dismiss the case without prejudice.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the amended complaint (Dkt. #4) is dismissed in its entirety, without prejudice, with leave to amend.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to file a second amended complaint curing the deficiencies of his original complaint and amended complaint, Plaintiff shall file the second amended complaint within 30 days from the date of entry of this order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint, amended complaint, and this Court's original screening order (Dkt. #2, 3, 4). If Plaintiff chooses to file a second amended complaint, he must use the approved form and he shall write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file a second amended complaint curing the deficiencies of his original complaint and amended complaint, this action will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the second amended complaint is Plaintiff's last and final opportunity to amend the claims discussed in the original complaint and the amended complaint. If Plaintiff fails to state a claim in his second amended complaint, the Court will dismiss the case with prejudice, as Plaintiff is unable or unwilling to amend his claims.

**IT IS FURTHER ORDERED** that Plaintiff's second amended complaint shall not allege any new claims. If Plaintiff wishes to add new claims based on new facts, he

shall initiate a new action by filing a new complaint.

Dated:  October 16, 2014.

_____
UNITED STATES DISTRICT JUDGE